## E. D. White v. City of New Orleans.

The City Surveyor is without authority to make a contract for city work, which will be binding on the city, without pursuing the formalities required by law. But, if in the specification of a proposed contract, submitted to public adjudication by publications in the newspapers, something has been inadvertently omitted which was absolutely necessary to the useful and proper completion of the work, the Surveyor's duty would be to require the contractor to perform such necessary incident of a good job, before delivering a certificate.

A party should not suffer by an omission from the specifications of a contract, when those specifications were drawn up by the opposite contracting party.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.

*J. J. Lugenbühl*, for plaintiff and appellant. *J. J. Michel*, for defendant.

BUCHANAN, J. Plaintiff contracted with the defendant to make brick sidewalks, faced with curbstones and wooden gutters, in a certain district of the city, for the price of one dollar and fifty cents the running foot.

The following are extracts from the contract:

" Hewed and dressed curbstones shall line the sidewalks, of North River blue stones, level, dressed on the top. to answer the slope of the sides, from three to six feet long, and 18 to 20 inches deep. They must be well set in good joints, and in a workmanlike manner, and to end with apertures, where desired, for draining lots, by means of gutters passing through the curbstones," &c.

" The brick pavements of the sidewalks shall be laid with lake bricks of the best quality, laid in herring bone, on a bed of lake sand, or other sand of equally good quality, &c."

" The said party of the second part hereby binds and obligates himself to furnish all the necessary materials for, and completely finish the sidewalks, *to the entire satisfaction of the City Surveyor*, and in strict accordance with the following specifications."

The lots being, in many places, lower than the sidewalks, narrow wooden gutters, running across the sidewalk, are used, to drain the lots into the street.

The specifications of this contract do not, in terms, require the contractor to furnish these draining gutters, although there is, as above seen, a provision made for apertures in the curbstones, to correspond with the draining gutters. When the work came to be executed, a dispute arose between the contractor and the City Surveyor; the latter refusing to accept and certify the work, unless the wooden draining gutters were furnished by the contractor, as he insisted that they were a part of the contract.

Examined as a witness, the Surveyor testifies that the draining gutters were absolutely necessary, and that it had been the practice of former contractors to make them without being particularly specified; that since this difficulty, he has taken the precaution to have them specified in similar contracts. *Mr. Pilié* also testifies, that he told plaintiff, that if this should be decided to be extra work, he (plaintiff) might reserve his recourse against the city. With this reservation, plaintiff made the draining gutters, as he was required to do by the Surveyor, to the number of 281; for which he now claims, by this suit, compensation, at the rate of three dollars per gutter, as extra work.

This claim is resisted, on the ground urged in argument by the City Attorney,

that the reservation of the claim was a modification of the contract by the City Surveyor, which he had *no right to make*, and which is contrary to the Act of 1850, to the City Charter (1856), and to two decisions of this court, *Fox* v. *Sloo* and *Fox* v. *New Orleans*, 10 An., p. 11, and 12 An., p. 154.

The statutes and decisions quoted sanction the principle, that all contracts for city work must be adjudged at public auction to the lowest bidder, after publications made in the newspapers. That course appears to have been followed in the present instance. It admits of no controversy, that the Surveyor is without legal authority to make a contract, without pursuing those formalities, which would be binding on the city. But, if in the specifications of a proposed contract submitted to public adjudication by publication in the newspapers, something has been inadvertently omitted, which was absolutely necessary to the useful and proper completion of the work, the Surveyor would seem to have done his duty in requiring the contractor to perform such necessary incident of a good job, before delivering a certificate. We do not find that the Surveyor has done anything more in the present instance. He has not undertaken to promise plaintiff any compensation in the name of the city, over and above the contract price of one dollar and a-half the running foot of pavement, for making the draining gutters in question. On the other hand, the plaintiff has executed the work under protest, which left the question of extra compensation open. The words which we have italicised in the extracts from the contract, copied above, show that the Surveyor was the proper person to whom such protest should have been addressed; for it was upon his certificate that the city treasury was to make all disbursements under this contract.

The questions to be decided are, then: 1st, was the work in question necessary, and was it extra work? 2d, should the plaintiff lose by its omission from the specifications, when those specifications were drawn up by the opposite contracting party?

The first of these questions we answer in the affirmative; the second, in the negative.

The price charged for the draining gutters is proved to be reasonable.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; and that plaintiff recover of defendant eight hundred and forty-three dollars, with legal interest from judicial demand, and costs in both courts.